People v Lindsey
2026 NY Slip Op 02763
May 1, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEROME LINDSEY, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on May 1, 2026
1005 KA 22-01411
Present: Lindley, J.P., Curran, Ogden, Nowak, And Hannah, JJ.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered July 26, 2022. The judgment convicted defendant upon a nonjury verdict of attempted criminal possession of a weapon in the second degree (two counts).
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of two counts of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [1] [b]; [3]), defendant contends that Penal Law § 265.03 is unconstitutional in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). We have rejected identical contentions in prior cases, holding that Bruen "had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Mancuso, 225 AD3d 1151, 1153 [4th Dept 2024], lv denied 43 NY3d 964 [2025], cert denied — US — [2026] [internal quotation marks omitted]; see People v Richardson, 246 AD3d 1396, 1396 [4th Dept 2026]; People v Brinson, 240 AD3d 1376, 1378 [4th Dept 2025], lv denied 44 NY3d 1064 [2026]), and we perceive no reason to reach a different conclusion here.
Defendant failed to preserve for our review his contention that the sentencing procedure pursuant to which he was adjudicated a persistent violent felony offender (PVFO) is unconstitutional in light of Erlinger v United States (602 US 821 [2024]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Nesmith, 242 AD3d 1564, 1566 [4th Dept 2025], lv denied 44 NY3d 1067 [2026]; People v Emanuel, 240 AD3d 1324, 1327 [4th Dept 2025], lv denied 44 NY3d 993 [2025]; People v Daniels, 239 AD3d 1442, 1442-1443 [4th Dept 2025], lv denied 44 NY3d 982 [2025]).
Defendant next contends that his sentence should be vacated and the matter remitted for resentencing because the People failed to file a predicate statement before the PVFO hearing (see CPL 400.15 [2], [6]; 400.16 [2]). Although the People failed to file a predicate statement prior to the hearing, we conclude that strict compliance with CPL 400.15 was not required inasmuch as defendant was informed well before the hearing of the prior violent felony convictions upon which the People would be relying to have him adjudicated a persistent violent felony offender, and defendant "was provided an opportunity to be heard with respect to those accusations during the [PVFO] proceeding" (People v Williams, 163 AD3d 1422, 1424 [4th Dept 2018] [internal quotation marks omitted]; see generally People v Bouyea, 64 NY2d 1140, 1142 [1985]).
Finally, defendant contends that the evidence at the PVFO hearing was insufficient to establish sufficient tolling periods because the People relied exclusively on his NYSID criminal history obtained from the New York State Division of Criminal Justice Services (see People v Soto, 138 AD3d 533, 534 [1st Dept 2016], lv denied 28 NY3d 937 [2016]; People v Ortiz, 23 [*2]AD3d 499, 500 [2d Dept 2005], lv denied 6 NY3d 757 [2005]). At the hearing, however, defendant did not object to the NYSID history proffered by the People and did not contend that it was insufficient to establish the necessary tolling periods. In fact, defendant did not dispute any of the tolling periods alleged by the People. Under the circumstances, defendant's contention is unpreserved for our review, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: May 1, 2026
Ann Dillon Flynn
Clerk of the Court